IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRENDA ANNETTE ROSEMOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-01459 |
| ) | Judge Trauger |
| JAMES CAYCE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Brenda Rosemond, an Illinois resident, has filed a pro se Complaint (Doc. No. 1) against James Cayce and Housing and Urban Development, or HUD.[1] She has also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) The plaintiff later filed a motion to amend/correct her Complaint (Doc. No. 7) and an amended complaint. (Doc. No. 8.)

The case is before the court for ruling on the plaintiff's IFP application and initial review of the Complaint, as amended.[2]

### I. IFP APPLICATION

The plaintiff's IFP application lists minimal assets and monthly expenses that approximate her monthly income from a pension and other benefits. (Doc. No. 2.) It therefore demonstrates that the plaintiff cannot pay the civil filing fee "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

---

[1] The defendants that the Complaint apparently seeks to name are the James A. Cayce Homes at 701 S. 7th Street and the "HUD" at 620 Dew Street, both in Nashville. (Doc. No. 1 at 2.) According to results of online searches for these addresses, they refer to the location of both the Cayce Homes and the Metropolitan Development and Housing Agency (MDHA), not the U.S. Department of Housing and Urban Development. The court takes judicial notice that the Cayce Homes were acquired from the federal government by the MDHA in 2018. *See* https://www.newschannel5.com/news/mdha-acquires-james-cayce-homes-plans-for-mixed-income-housing (last visited Oct. 31, 2025).

[2] For purposes of initial review, the court considers all allegations made in the plaintiff's Complaint, motion (Doc. No. 7), and amended complaint (Doc. No. 8).

# II. INITIAL REVIEW

A. <u>Legal Standard</u>

The court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, supra.

B. <u>Analysis</u>

    1. <u>Facts</u>

The gravamen of the Complaint has been presented to this court before. *See Rosemond v. Casey, et al.*, No. 3:24-cv-00607 (dismissed without prejudice for failure to prosecute on July 30, 2024). As before, the Complaint invokes the court's diversity jurisdiction (Doc. No. 1 at 3) and

claims that the defendants were grossly, criminally negligent in maintaining the premises at her son's Nashville housing development, where "a resident with a large number of felony convictions" was allowed "to live and operate a criminal enterprise," and where security cameras were in use but no armed security guards were employed. (*Id.* at 5.) As a result of the development's negligently maintained "environment ripe for violence," the plaintiff's adult son was tragically killed by the aforementioned criminal resident (later identified as Montell Sowell) in a shooting on May 19, 2017. (Doc. No. 1 at 5; Doc. No. 8.) The Complaint requests a damages award of $26 million for the defendants' "gross criminal negligence causing death." (Doc. No. 1 at 5.) In her motion to amend, the plaintiff seeks to add parties to the lawsuit and to increase her damages demand to $48 million. (Doc. No. 7.)

The plaintiff's first case in this court was inadequately pled, as she failed to allege sufficient facts including "the date of [her] son's death or the incident which caused it, any description of that incident, or any further factual detail with regard to how the defendant was negligent, other than by its failure to employ an armed security guard on the day in question." (Case No. 3:24-cv-00607, Doc. No. 5 at 3). The court thus required her to file an amended complaint, which she elected not to do. Now, the plaintiff's re-filed lawsuit identifies the actors involved in the shooting, the date of its occurrence, and the circumstances surrounding her son's death. (*See* Doc. No. 8.) She continues to claim that if the security concerns at the development were significant enough to require video cameras, then the defendants "had a legal and moral obligation to provide armed security." (*Id.* at 2.) The plaintiff also clarifies that "[t]his is not a wrongful death [lawsuit], which has a statute of limitations," but a suit for "criminal negligence causing death," which she claims "has no statute." (*Id.* at 1.)

    2. <u>Conclusions of Law</u>

"Criminally negligent conduct that results in death" is prosecuted in Tennessee as the crime of "criminally negligent homicide." Tenn. Code Ann. § 39-13-212(a); *State v. Jones*, 151 S.W.3d

494, 499 (Tenn. 2004). The plaintiff, a civil litigant, lacks standing to assert a criminal violation in this action. *See Sawyer v. Boone Cnty., KY*, No. 2:22-CV-00071-GFVT, 2024 WL 4860828, at *7 (E.D. Ky. Nov. 21, 2024) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Furthermore, the plaintiff is mistaken in her belief that she can avoid the statute of limitations by framing this action as one for gross negligence resulting in death, rather than a suit for wrongful death. Indeed, whether characterized as wrongful death or gross negligence, the cause of action pressed here is subject to the same statute of limitations for personal injuries under state law: Section 28-3-104 of the Tennessee Code. *See Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 844 (6th Cir. 2015) (applying Tenn. Code Ann. § 28-3-104 to wrongful death action); *Glover v. Duckhorn*, No. W2022-00697-COA-R3-CV, 2023 WL 3193204, at *3 (Tenn. Ct. App. May 2, 2023) (applying Tenn. Code Ann. § 28-3-104 to action for "negligent acts which caused the personal injury" and resulted in criminal charges); *Stephens v. Revco Disc. Drug Centers, Inc.*, No. 03A01-9708-CV-00351, 1998 WL 52284, at *1 (Tenn. Ct. App. Feb. 10, 1998) (one-year personal injury statute of limitations applied to tort action for gross negligence).

"Although the statute of limitations is an affirmative defense, district courts may apply it *sua sponte* on initial review where the defense is obvious from the face of the complaint." *Batey v. Metro. Gov't Dep't of Codes*, No. 3:16-CV-02377, 2016 WL 8711722, at *2 (M.D. Tenn. Sept. 9, 2016) (citing, *e.g.*, *Widner v. Bracke*, 229 F.3d 1155 (Table), 2000 WL 1140693, at *2 (6th Cir. 2000) ("we conclude that the dismissal of this complaint for failure to state a claim pursuant to § 1915(e)(2)(B) should be affirmed, as it is apparent from the face of the complaint that it is barred by the statute of limitations")). Under Tenn. Code Ann. § 28-3-104, an action for "injuries to the person" shall be commenced within one year after the cause of action accrued, *id.* § 28-3-104(a)(1)(A)—unless criminal charges are brought against the person alleged to have caused the injury, a criminal prosecution is commenced within a year of the occurrence complained of in the personal injury action, and the personal injury action "is brought by the person injured by the

4

criminal conduct against the party prosecuted for such conduct," in which case the action must be commenced within two years. *Id.* § 28-3-104(a)(2). According to the plaintiff's amended complaint, the person who shot her son, Montell Sowell, was prosecuted and pled guilty to homicide charges (*see* Doc. No. 8 at 4), and she has stated her intention to add him as a defendant to this case. (Doc. No. 7.) But regardless of whether the applicable limitations period is one or two years, because Defendants' alleged negligence resulted in the plaintiff's son's death in 2017, this action filed over seven years later, in December 2024, is clearly time-barred. It will be dismissed on that basis.

## III. CONCLUSION

For the above reasons, this case is **DISMISSED** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. *Id.* § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

---

Aleta A. Trauger
United States District Judge